```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```
_____

MICHAEL MATTOX,                      )
                                     )
    Plaintiff,                       )
                                     )
VS.                                  )   No. 19-2139-MSN-dkv
                                     )
MEMPHIS POLICE DEPARTMENT            )
AND/OR CITY OF MEMPHIS;              )
HOLIDAY INN;                         )
MEMPHIS MENTAL HEALTH INSTITUTION;   )
ALLIANCE HEALTH SERVICES,            )
                                     )
    Defendants.                      )
_____

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
AND
REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL
_____

On February 28, 2019, the plaintiff, Michael Mattox, filed a *pro se* complaint against the Memphis Police Department ("MPD"), the City Of Memphis, Holiday Inn, Memphis Mental Health Institution ("MMHI"), and Alliance Health Services ("Alliance") titled "Civil Lawsuit." (Compl., ECF No. 1.) On March 25, 2019, Mattox filed a document titled "Objections, Complaint Name Change and New Injunction." (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order. 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit in support of the motion for leave to proceed *in forma pauperis* satisfies Mattox's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that this case be dismissed *sua sponte* for failure to state a claim. In addition, to the extent that Mattox's filing titled "Objections, Complaint Name Change and New Injunction," (ECF No. 7), is a motion, it is denied.

## I. PROPOSED FINDINGS OF FACT

Mattox's three-page, type-written *pro se* complaint contains very little factual information. He asserts that on February 21, 2019, he was "sitting in front of the outside window looking into the Holiday Inn" when "several men approach[ed]" him. (Compl. p.1, ¶ 1; ECF No. 1.) After the men told Mattox he was not allowed to be there, Mattox "chose to ignore them." (*Id.*) Mattox alleges that Holiday Inn called MPD to the scene and that an MPD officer "handcuffed [Mattox] . . . and a group of officers wrestled [Mattox] to the ground." (*Id.*) Further, Mattox alleges that the MPD "joined in the harassment of the civil people going a step further and kidnapping and holding [Mattox] hostage" and "exchanging . . . [Mattox] over to Alliance Health Service," who "turned [Mattox]

over to MMHI . . . for long term kidnapping." (*Id.*) Mattox also asserts that MMHI held him hostage and wouldn't release him until "their ransom demands were met." (*Id.*)

Finally, Mattox claims in conclusory fashion that he "encountered" the following constitutional violations:

1. 1st constitutional amendment – freedom of speech; freedom not to speak; right of the people to peacefully assemble[];
2. 4th constitutional amendment – Search and seizure, the right for protection in your property and paper etc.;
3. 5th constitutional amendment – due process;
4. 6th constitutional amendment – right to assistance of counsel;
5. 13th constitutional amendment – slavery;
6. 14th constitutional amendment – due process;
7. 8th constitutional amendment – cruel & unusual punishment;
8. Life, Liberty, & the pursuit of happiness[.]

(*Id.* at p. 2, ¶¶ 1-8.) Mattox attributes these constitutional violations to the MPD, Holiday Inn, and Alliance because they "turned [him] over to [MMHI]" and are therefore "all [] responsible for [MMHI's] actions," including MMHI's decision to "forc[e] shots on [Mattox] without [his] permission and against [his] will." (*Id.* at p. 2.)

Mattox seeks compensatory damages in the amount of fifty-two zillion dollars, breaking down his damages as follows: five zillion dollars from each of the four defendants for kidnapping, being "held hostage," mental anguish, emotional pain and suffering, and physical pain and suffering, totaling twenty zillion dollars; seven zillion dollars from each of the four defendants "for each of the

3

7 constitutional amendments violated," totaling twenty-eight zillion dollars; and punitive damages in the amount of one zillion dollars per defendant, totaling four zillion dollars. (*Id.*) Further, Mattox seeks injunctive relief in the form of a court order requiring Holiday Inn, the MPD, Alliance, and MMHI provide him with "all camera footage with audio from circa 9:20 am on 2-21-2019." (*Id.*)

## II.  PROPOSED CONCLUSIONS OF LAW

### A.  28 U.S.C. § 1915(e)(2)(B) Screening

Pursuant to Local Rule 4.1(b)(2), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.  This report and recommendation will constitute the court's screening of Mattox's complaint.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

B.   Standard of Review for Failure to State a Claim

In assessing whether Mattox's complaint states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive Rule 12(b)(6) following *Iqbal* and *Twombly*, a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir.

2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Further, the courts are not required to act as counsel for a *pro se* litigant; nor are they required to sort through the pleadings to create a claim on behalf of the plaintiff. *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("[D]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."(internal quotation marks omitted)). Requiring the court "to ferret out the strongest cause of action on behalf of *pro se* litigants . . . would transform the courts from neutral arbiters of disputes into advocates for a particular party." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). "While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue." *Id.*

C. Mattox's Constitutional Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that he or she suffered (1) a deprivation of rights secured by the Constitution or federal statutes that is (2) committed by a person acting under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). The court construes Mattox's "Civil Lawsuit"

6

as a complaint against the MPD, the City of Memphis, Holiday Inn, MMHI, and Alliance pursuant to 42 U.S.C. § 1983 for violations of the First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.

    1.   *Mattox's Claims Against the City of Memphis and the MPD*

In his complaint, Mattox alleges claims against the City of Memphis and the MPD for damages and injunctive relief. In *Monell*, the Supreme Court held that (1) municipal liability must be predicated upon the existence of some policy, procedure, or custom resulting in constitutional harm to the plaintiff, and (2) a "municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978); *see also*, *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*."). A governmental entity is liable under § 1983 if an "officially executed policy, or the toleration of a custom within [it] leads to, causes, or results in the deprivation of a constitutionally protected right." *Doe v. Claiborne Cty., Tenn. By & Through Claiborne Cty. Bd. of Educ.*, 103 F.3d 495, 507 (6th Cir. 1996)(citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 690-91 (1978)). The policy or custom "must be 'the moving force of the constitutional violation' in order

to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981)). Accordingly, for Mattox "to demonstrate municipal liability, he must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his injury was caused by the execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *see also*, *Searcy v. Dayton*, 38 F.3d 282, 286 (6th Cir. 1994)(noting that such policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983")(quoting *Polk Co. v. Dodson*, 454 U.S. 312, 326 (1981))).

In the instant case, Mattox has failed to allege that the City of Memphis acted pursuant to a policy, procedure, or custom in causing his alleged constitutional harm. In his complaint, Mattox asserts a single incident: that he was "kidnap[ed] and held hostage" when he was taken to MMHI. (Compl. 1, ECF No. 1.) This assertion, however, fails to identify any municipal policy or custom of the City of Memphis that deprived him of his constitutional rights, and Mattox therefore fails to state a claim for which relief may be granted against the City of Memphis.

It is well-established in the Sixth Circuit that a police department is not a proper defendant in a § 1983 action. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)("[T]he Police

Department is not an entity which may be sued."). Police departments can properly be characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 Fed. App'x 470, 475 (6th Cir. 2005). "[F]ederal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro Gov't of Nashville & Davidson Cty.*, 2010 WL 3341889, at *2 (M.D. Tenn., Aug. 25, 2010).

The MPD is a sub-unit of the City of Memphis, and, therefore, the MPD is not a separate legal entity which may be sued under § 1983. *Sargent*, 150 Fed. App'x at 475 (6th Cir. 2005). Thus, the MPD is immune from Mattox's lawsuit.

2.  *Mattox's Claims Against Holiday Inn*

Additionally, Mattox named Holiday Inn as a party to his "Civil Lawsuit," alleging that "Holiday Inn is responsible because they call[ed] MPD." (Compl. ¶ 1, p.1; ECF No. 1.) "[A] plaintiff generally cannot sue a private company or individual for violations of his constitutional rights." *Shannon v. URS Energy & Const., Inc.*, No. 3:14-CV-01292, 2015 WL 1640133, at *2 (M.D. Tenn. Apr. 9, 2015)(citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). Under 42 U.S.C. § 1983, however, an individual may "bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or

federal laws." *Id.* Thus, a plaintiff may not sue a purely private party under § 1983. *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999).

Mattox's complaint fails to state a claim under 42 U.S.C. § 1983 against Holiday Inn for which relief can be granted. In the instant case, Mattox named Holiday Inn as a defendant in his "Civil Lawsuit," (Compl., ECF No. 1), which the court has construed as a complaint pursuant to § 1983. Mattox does not allege that Holiday Inn acted under color of state law when its employees called the MPD. *See Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). Thus, because Holiday Inn is a private party, Mattox cannot bring a § 1983 claim against this defendant. It is therefore recommended that the court dismiss Mattox's claims against Holiday Inn.

3. *Mattox's Claims Against MMHI and Alliance*

Mattox has also named MMHI and Alliance as defendants in his complaint. (Compl., ECF No. 1.) Because MMHI is an agency of the State of Tennessee,[1] "[a] suit against MMHI is actually a suit against the State of Tennessee." *Ward v. Shelby Cty.*, No. 05-cv-

---

[1] MMHI is one of Tennessee's Regional Mental Health Institutes, which are managed and funded by the Tennessee Department of Mental Health and Substance Abuse Services. *See* Tennessee Department of Mental Health and Substance Abuse Services, *Department Offices*, https://www.tn.gov/behavioral-health/who-we-are/who-we-are/department-offices.html (last visited August 19, 2019).

10

2205, 2006 WL 8435001, at *3 (W.D. Tenn. Mar. 7, 2006)(citing *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). Because there is a sufficiently close nexus between MMHI's and the Alliance's conduct in this case,[2] Alliance's actions constitute state action under section 1983. The Eleventh Amendment bars suits against state agencies and suits in which the state itself is named as a defendant because "a state is not a person within the meaning of 42 U.S.C. § 1983." *Id.* at *3 (citing *Will v. Michigan*, 491 U.S. 58, 71 (1989)); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

---

[2] "A private party's actions constitute state action under section 1983 where those actions may be fairly attributable to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003)(citation and internal quotation marks omitted). Under the symbiotic or nexus test, a private party's actions constitute state action under § 1983 if "there is a sufficiently close nexus between the government and the private party's conduct so that the conduct may be fairly attributed to the state itself." *Id.* at 834 (citations omitted). "[T]he Sixth Circuit has made clear that the ties between the private party and the State must be substantial." *Jackim v. City of Brooklyn*, No. 1:05 CV 1678, 2007 WL 893868, at *24 (N.D. Ohio Mar. 22, 2007), *aff'd sub nom. Jackim v. Sam's E., Inc.*, 378 F. App'x 556 (6th Cir. 2010)(citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). Alliance is a not-for-profit organization that provides comprehensive behavioral healthcare to residents in Shelby County and receives funding from the Tennessee Department of Mental Health and Substance Abuse Services. *See* Alliance Healthcare Services, http://www.alliance-hs.org/our-mission (last visited August 19, 2019).

In his complaint, Mattox asserts that that Alliance processed his case and "turned [him] over to MMHI" and that MMHI subsequently held him hostage and wouldn't release him until "their ransom demands were met." (Compl. ¶ 1, ECF No. 1.) Mattox requests injunctive relief in the form of a court order requiring Alliance and MMHI provide him with "all camera footage with audio from circa 9:20 am on 2-21-2019." (*Id.* at p. 2). A plaintiff may overcome a state's sovereign immunity and seek prospective injunctive relief if the state has consented to suit, if Congress has properly abrogated the state's immunity, or if the exception outlined in *Ex parte Young*[3] applies. *See Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000).

Tennessee has not waived its sovereign immunity, Tenn. Stat. Ann. § 20-13-102(a), and Congress has not passed any legislation that "unequivocally expressed its intent to abrogate [Tennessee's] immunity" in this type of action, *Kovacevich*, 224 F.3d at 817 (internal quotation marks omitted)(quoting *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996)). Further, the *Ex parte*

---

[3] Under the *Ex parte Young* doctrine, a federal court can issue prospective injunctive relief against a state official in his or her official capacity to prevent future federal constitutional or federal statutory violations. 209 U.S. 123 (1908); *see also Frew v. Hawkins*, 540 U.S. 431, 437 (2004)(stating that the Eleventh Amendment permits suits against state officials for prospective injunctive relief in order to "ensure the enforcement of federal law").

*Young* exception does not apply in this case because Mattox named Alliance and MMHI as the defendants in his complaint, and therefore failed to properly assert a claim against a state official in his or her official capacity. 209 U.S. 123 (1908); *see also Idaho v. Coeur D'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)("The Tribe's suit, accordingly, is barred by Idaho's Eleventh Amendment immunity unless it falls within the exception this Court has recognized for certain suits seeking declaratory and injunctive relief against state officers in their individual capacities.").

Even if Mattox had properly asserted a claim against a state official, his complaint does not trigger the application of the *Ex parte Young* doctrine. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)(quoting *Coeur d'Alene Tribe of Idaho*, 521 U.S. at 296); *see also Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003)(noting that a complaint that is "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to [the plaintiff]" does not trigger the *Ex parte Young* exception). Mattox's request is essentially a discovery request, as he is asking for camera footage from the date of the alleged constitutional

13

violation.  This relief would not provide him with a prospective remedy that would prevent the continuation of conduct that he alleges violates his rights under the Constitution or federal law. Accordingly, it is recommended that Mattox's claim for injunctive relief against Alliance and MMHI be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Mattox has also requested relief in the form of compensatory and punitive damages.  (Compl. ¶ 10, ECF No 1.)  "[A] federal court's remedial power, consistent with the Eleventh Amendment, is necessarily limited to prospective injunctive relief . . . and may not include a retroactive award which requires the payment of funds from the state treasury."  *Edelman v. Jordan*, 415 U.S. 651, 677 (1974)(internal citations omitted).  "Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits for damages against a state in federal court."  *Hixon v. Tennessee*, No. 14-cv-1087, 2015 WL 1486362, at *2 (W.D. Tenn. Mar. 31, 2015); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Pennhurst*, 465 U.S. at 98-100; *Quern v. Jordan*, 440 U.S. 332, 343-45 (1979). Under Tenn. Stat. Ann. § 20-13-102(a), Tennessee has not waived its sovereign immunity and Mattox has not asserted that either Alliance or MMHI violated a federal statute that abrogates Tennessee's immunity in this action.  Therefore, it is recommended that the

14

court dismiss Mattox's claims for compensatory and punitive damages pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking monetary relief against a defendant who is immune from such relief.

D. Mattox's "Objections, Complaint Name Change and New Injunction"

On March 25, 2019, Mattox filed a document titled "Objections, Complaint Name Change and New Injunction." (Pl.'s Filing, ECF No. 7.) Mattox requests that the court add the United States as a party to this suit and add an additional claim for injunctive relief "to make [Mattox] . . . president of the united states [sic]." (Pl.'s Filing ¶¶ 2-3, ECF No. 7.) The court construes this request as a motion for leave to amend the complaint.[4]

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires," however, a court has some discretion in allowing amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); see also *Troxel Manuf. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 970-71 (6th Cir. 1942). "A motion for leave to amend may be denied for futility

---

[4] Additionally, Mattox requests that his filing "serve as . . . [his] objections to the magistrate judges [sic] report and recommendation for sua sponte dismissal." (Pl.'s Filing ¶ 1, ECF No. 7.) To date, however, the court has not filed a report and recommendation in this case. Mattox cannot preemptively file objections to a report and recommendation he merely *anticipates* the court will file.

15

'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005)(quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir. 1986)). The dispositive question is whether a plaintiff's proposed amended complaint contains "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014)(quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)).

Mattox's attempted amendments to his complaint are futile. Mattox did not attach an amended complaint to his motion and fails in the body of his motion to allege any actions by the United States that would subject the United States to liability. (*See* Pl.'s Filing, ECF No. 7.) Further, the court does not have the ability to grant Mattox's absurd and frivolous request that he be instated as the President of the United States of America.

Accordingly, to the extent that the document titled "Objections, Complaint Name Change and New Injunction" is a motion, it is denied.

### III. RECOMMENDATION

For the foregoing reasons, the court recommends that Mattox's complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may

be granted and § 1915(e)(2)(B)(iii) for seeking monetary relief from defendant who are immune from such relief.

Respectfully submitted this 26th day of August, 2019.

                                    _s/ Diane K. Vescovo_____
                                    DIANE K. VESCOVO
                                    Chief United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.