# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

MICHAEL MATTOX,

    Plaintiff,

v.

                                                  Case No. 2:19-cv-2139-MSN-dkv

MEMPHIS POLICE DEPARTMENT
AND/OR CITY OF MEMPHIS,
HOLIDAY INN, MEMPHIS MENTAL
HEALTH INSTITUTION, and
ALLIANCE HEALTH SERVICES,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION FOR *SUE SPONTE* DISMISSAL

Before the Court is Chief Magistrate Judge Diane Vescovo's Report and Recommendation for *Sue Sponte* Dismissal, submitted August 26, 2019 ("Report"). (ECF No. 8.) The Report recommends that Plaintiff Michael Mattox's *Pro Se* Complaint against Defendants Memphis Police Department ("MPD"), Holiday Inn, Memphis Mental Health Institution ("Memphis Mental Health"), and Alliance Health Services ("Alliance") be dismissed *sue sponte* and that Plaintiff's Objections, Complaint Name Change and New Injunction filed on March 25, 2019 (ECF No. 7) be denied.

For the following reasons, the Report is **ADOPTED**. Plaintiff's Objection is denied and all of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

## **STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a Magistrate Judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the Magistrate Judge's recommendation should include how the analysis is wrong, why it was wrong and how *de novo* review will obtain a different result on that particular issue. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the Report and Recommendation. *Id.* When an objection reiterates the arguments presented to the Magistrate Judge, the Report and Recommendation should be reviewed for clear error. *Verdone v. Comm'r*

*of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *accord Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION**

Mattox presents three numbered paragraphs in his one-page submission titled "Objections, Complaint Name Change and New Injunction." (ECF No. 7.) To the extent said submission is in fact intended to be an objection to the Report under 28 U.S.C. § 636, the Court finds Plaintiff's objections were prematurely filed by 155 days, *see* 28 U.S.C. § 636(b)(1)(C), and appear to be identical to Plaintiff's objections to the report and recommendation filed in an earlier, separate case, *Michael Mattox v. Western Mental Health Institute*, No. 2:19-cv-02009-MSN-dkv. Notwithstanding the premature filing of Plaintiff's objections, and considering Plaintiff's *pro se* status, the Court elects to address the substance of Plaintiff's premature objections to the Report.

In paragraph one, Mattox states his objection "will be the original complaint where [I] state the claims and all constitutional violations impose[d] on [I], the plaintiff, [M]ichael [M]attox." (*Id.*) However, Mattox's objection does not explain how the Report's analysis is wrong, why it was wrong, or how *de novo* review would result in a different conclusion. Mattox merely incorporates by reference his claims previously presented and addressed by the Magistrate Judge. *See Howard*, 932 F.2d at 509. Because Mattox's objection reiterates the claims presented to the Magistrate Judge, the Court may review the Report for clear error. *See Verdone*, 2018 WL 1516918, at *2.

The Court has reviewed the Report for clear error and finds none. Accordingly, Mattox's objection is **OVERRULED**.

Mattox's second paragraph asks to change the name of the pleading to name the "[U]nited [S]tates of [A]merica . . . via [W]estern [M]ental [H]ealth [I]nstitute" as Defendant in this matter. (ECF No. 7.) Mattox's final paragraph asks for a "[n]ew injunction to make . . . [M]attox . . . [P]resident of the [U]nited [S]tates of [A]merica . . . ." (ECF No. 7.) The Court construes this as a request for leave to amend pursuant to Fed. R. Civ. P. 15(a).

Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." The Supreme Court has held that leave to amend should normally be granted unless there is some "apparent or declared reason" not to allow the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason for not allowing an amendment is that the amendment would be futile. *Id.* "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir. 1993)).

The Court finds that Mattox's proposed amendment would be futile. Mattox seeks to amend his Complaint to name the United States as a defendant. (ECF No. 7.) Section 1983 claims are unavailable against federal defendants due to that section's state action requirement. 42 U.S.C. § 1983. A *Bivens* action, providing a cause of action against federal officers under the Constitution, is available against federal officials. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, *Bivens* actions are available only against individual federal officials, not against the United States. *Shaner v. U.S.*, 976 F.2d 990, 994 (6th Cir. 1992) (citing *Ashbrook v. Block*, 917 F.2d 918 924 (6th Cir. 1990)). Accordingly, Mattox's proposed amendment is futile because after amendment, the Complaint could not withstand a Rule 12(b)(6) motion to dismiss, and therefore, the request for leave to amend is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's objection is **OVERRULED**. The Report is **ADOPTED**. All of Plaintiff's claims in this matter are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** this 19th day of September, 2019.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATE DISTRICT JUDGE